IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kerry Donovan Williams,<br><br>  PLAINTIFF,<br><br> v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security,<br><br>  DEFENDANT. | Case No. 2:17-cv-00812-TLW<br><br><br>**ORDER** |

  Plaintiff Kerry Donovan Williams brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying disability benefits. ECF No. 1. This matter is before the Court for review of the Report and Recommendation (R&R) filed by United States Magistrate Judge Baker, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 16. In the R&R, the Magistrate Judge recommends affirming the Commissioner's decision. Plaintiff filed objections to the R&R, and the Commissioner replied. ECF Nos. 18, 19. This matter is now ripe for decision.

  In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In his objections, Plaintiff asserts the Administrative Law Judge (ALJ) should have determined that Plaintiff had a Residual Functional Capacity (RFC) to perform sedentary rather than light work because the ALJ did not address Plaintiff's limitations in standing or walking during the workday. Moreover, Plaintiff asserts that he cannot stand for more than thirty (30) minutes at a time as a result of his severe peripheral neuropathy. Essentially, Plaintiff asserts an RFC for sedentary work is appropriate because his peripheral neuropathy causes lack of sensation in his feet and severely limits his ability to walk and stand the up to 6 hours per day required for light work.

After a careful review of the R&R, the objections filed by Plaintiff, and the record related to the R&R and the objections, this Court accepts the Magistrate Judge's conclusion that the decision of the ALJ is supported by substantial evidence. Plaintiff suggests that because no medical evidence speaks to Plaintiff's ability to walk or stand throughout the day, the ALJ could not have relied on substantial evidence. However, the record before the ALJ, as discussed in the ALJ's decision and the magistrate judge's R&R, contained the followed relevant evidence:

- In March 2010, Plaintiff visited Dorchester Medical Associates for numbness and pain in his feet. The doctor reported decreased sensation to light touch in both feet.
- Soon thereafter, Plaintiff saw Dr. Vonda Calcutt for numbness in his great toes, among other things. The doctor found moderate decreased vibratory sense in Plaintiff's feet.
- In April 2012, Plaintiff saw Dr. Charles Kelly after reporting odd sensations and tingling in his feet as well as loss of balance.

2

- In May 2012, Plaintiff saw Dr. Burger for complaints of numbness in his lower extremities.

- In September 2012, Plaintiff saw Dr. Rojugbokan. Plaintiff indicated at the exam that he could stand for 30 minutes and sit for 40 minutes. Dr. Rojugbokan found that Plaintiff walked normally, did not have any involuntary movement, did have abnormal sensation to light touch, and could walk heel-to-toe.

- In October 2013, after Plaintiff's date last insured (March 31, 2013), Plaintiff saw doctors at the VA, who noted that he had an "antalgic gait," or walked to minimize pain.

- In September 2015, well after his date last insured, Plaintiff visited Dr. Berger, who indicated that Plaintiff had difficulty walking more than 100 yards at a time.

- At a hearing in October 2015, Plaintiff testified that he could stand and walk for about 10 minutes.

The Court notes RFC is "is the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ determines the RFC "based on all the relevant evidence in [the] case record." *Id.* The ALJ's decision must be supported by substantial evidence, which is such evidence "a reasonable mind might accept as adequate to support a conclusion." *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

On these facts, the ALJ found that Plaintiff had an RFC for light work, which includes walking or standing for up to 6 hours per day. As the ALJ found and the parties do not dispute, Plaintiff's peripheral neuropathy was a severe impairment. The dispute concerns the extent of Plaintiff's limitations. In determining Plaintiff's RFC, the ALJ relied on Dr. Rojugbokan's assessment and found Plaintiff could walk normally. Moreover, the ALJ reviewed the other

evidence in the record and properly assigned limited weight to the medical examinations after Plaintiff's date last insured. Finally, the ALJ considered Plaintiff's subjective opinions of his limitations and found Plaintiff's statements were not entirely credible in light of Plaintiff's sporadic treatment and Dr. Rojugbokan's determination that Plaintiff could walk normally. Accordingly, the ALJ determined that Plaintiff could walk normally, Plaintiff was not so limited in walking or standing as Plaintiff's statements indicated, and therefore Plaintiff could perform light work. Importantly, no medical evidence from during the disability period contradicted the ALJ's finding of an RFC for light work. In fact, Plaintiff's statements are the only evidence in the record from the alleged onset date through the date last insured addressing how long Plaintiff could walk or stand, and the ALJ did not find these statements entirely credible. On these facts and noting that RFC is the *most* work Plaintiff could perform, the Court concludes that substantial evidence supported the ALJ's RFC determination.

In light of the standard set forth in *Wallace*, Plaintiff's objections are **OVERRULED**, and the R&R is **ACCEPTED**. For the reasons articulated by the Magistrate Judge and the reasons discussed above, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                    s/Terry L. Wooten
                                                    Terry L. Wooten
                                                    Chief United States District Judge

September 24, 2018
Columbia, South Carolina